# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**KEITH A. VALENTINE,**

        **Plaintiff,**

v.                                         **Civil Action No. 3:14cv95**
                                                    **(Judge Groh)**

**EDWARD BODKIN, et al.,**

        **Defendants.**

## ORDER DISMISSING CASE

On August 21, 2014, Plaintiff filed a Complaint, pursuant to 42 U.S.C. § 1983, alleging claims of excessive force at the North Central Regional Jail as well as deliberate indifference to his medical needs. Plaintiff also filed a Motion/Application and Affidavit to Proceed Without Prepayment of Fees. (Doc. # 2). Because Plaintiff failed to file his pleadings on the court-approved forms, or submit a Prisoner Trust Account Report and Consent to Collection, a Notice of Deficient Pleading was sent to him. (Doc. # 4). On September 8, 2014, Plaintiff complied with the Notice of Deficient Pleading, and on September 9, 2014, he was granted leave to proceed *in forma pauperis* without the need to pay an initial partial filing fee. On October 18, 2014, Plaintiff sent a Notice of Change of Address, which appeared to be a half-way house. On February 12, 2015, Plaintiff sent a second Notice of Change of Address which appears to be a private address. A review of the BOP website, establishes that Plaintiff was released from custody on January 30, 2015.

In DeBlasio v. Gilmore, 315 F.3d 396 (4th Cir. 2003), the United States Court of Appeals for the Fourth Circuit held that the requirements of the Prison Litigation Reform Act of 1995 ("PLRA"), including 28 U.S.C. § 1915(b)(1), do not apply to a released prisoner. Rather, "the obligation to pay filing fees is determined by evaluating whether [the plaintiff]

qualifies under the general in forma pauperis provision of 28 U.S.C. § 1915(a)(1)." Id.

Accordingly, on March 5, 2015, Magistrate Judge Trumble entered an Order directing Plaintiff to complete and file an updated Application to Proceed Without Prepayment of Fees and Affidavit within fourteen days. The Order forewarned Plaintiff that failure to comply with the Order could result in dismissal of his case. The Order and a blank non-prisoner IFP Affidavit was sent to Plaintiff, by certified mail, return receipt requested to his last known address as reflected on the docket sheet. Service was accepted on March 9, 2015.

Upon review of the file on this date, the Court finds that the plaintiff has not complied with the March 5, 2015, Order and has not requested an extension of time to do so, or otherwise explained his reasons for noncompliance. Accordingly, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, it is **ORDERED** that this matter is hereby **DISMISSED WITHOUT PREJUDICE** for the failure to prosecute. It is further **ORDERED** that this civil action be **DISMISSED and STRICKEN** from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: April 13, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE